1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   BENJAMIN ROBERT GALLEGOS,                    No. 2:24-cv-02777-DC-EFB (PC)

11                        Plaintiff,

12          v.                                    ORDER

13   SGT. SAAVEDRA, et al.,

14                        Defendants.

15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  This proceeding was referred to the assigned magistrate judge by Local Rule 302

18   pursuant to 28 U.S.C. § 636(b)(1).  In addition to filing a complaint, plaintiff has filed an

19   application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and two requests for an

20   order compelling the preservation of evidence.  ECF Nos. 2, 7, 8.

21                              Leave to Proceed In Forma Pauperis

22          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. §

25   1915(b)(1) and (2).

26   ////

27   ////

28   ////

                                                    1

1    <u>Screening Standards</u>

2    Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15    U.S. 662, 679 (2009).

16    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18    action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19    a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20    678.

21    Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23    content that allows the court to draw the reasonable inference that the defendant is liable for the

24    misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25    claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26    *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27    plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28    ////

2

1

<u>Screening Order</u>

2      <u>Allegations of the Complaint</u>.  Plaintiff alleges that he was placed in a mental health crisis

3   bed at California State Prison, Sacramento ("CSP-Sac") sometime before January 23, 2024.  ECF

4   No. 1 at 7.  While housed there, defendant correctional officers Hutchings and Lopez-Flores

5   began to take items of plaintiff's Durable Medical Equipment ("DMEs"), starting with special

6   shoes that plaintiff needed for various conditions (including a two-inch discrepancy in leg length).

7   *Id.*  The officers required plaintiff to leave the shoes outside his cell even though plaintiff

8   informed them that this violated his rights.  *Id.*  Once the shoes were outside the cell, the officers

9   would remove them.  *Id.*  This caused plaintiff physical pain and psychological distress.  *Id.* at 7-

10  8.

11     On January 23rd, plaintiff was in his cell sitting on his walker.  *Id.* at 8.  He saw defendant

12  Lopez-Flores enter the restroom and stay there "for a very long time."  *Id.*  When Lopez-Flores

13  emerged from the bathroom, he told plaintiff to come out of his cell "for weight."  *Id.*  Plaintiff

14  states that he was suspicious, because "the corrupt go into the restrooms in order to coordinate

15  machinations off-camera on their phones."  *Id.*  Plaintiff refused to leave his cell.  *Id.*

16     Sometime later, plaintiff agreed to leave the cell and was placed in cuffs and a waist

17  chain.  *Id.*  While he was outside the cell, defendant Hutchings let another inmate into the cell to

18  clean.  *Id.*  Plaintiff saw his "DME seat cushion come flying out" and asked for the cushion.  *Id.*

19  Hutchings refused and told plaintiff that he could not have his walker inside his cell either.  *Id.* at

20  8-9.  Plaintiff refused to give up the walker and told Hutchings that he was approved to have the

21  walker in his cell.  *Id.* at 9.

22     Hutchings then "squeeshe[d]" plaintiff against the wall while Lopez-Flores gripped

23  plaintiff's left arm.  *Id.*  Someone activated an alarm, leading to the arrival of additional staff,

24  including defendant Sergeant Saavedra.  *Id.*  Plaintiff told Saavedra that he was approved for his

25  DMEs, and Saavedra asked plaintiff if he was going to release the walker.  *Id.*  Plaintiff refused.

26  *Id.*  Saavedra then asked defendant nurse Musat to complete a "7219" exam on plaintiff noting no

27  injuries.  *Id.*  A 7219 exam must be completed after corrections staff uses force against an inmate.

28  *Id.* at 4.  Musat completed the exam and associated report.  *Id.* at 9.  Plaintiff objected, saying,

"How are you going to do a 7219 before they batter and assault me?" *Id.*  Saavedra denied that plaintiff would be assaulted. *Id.*

Hutchings wrenched plaintiff's cuffs upward, causing severe pain due to several medical conditions plaintiff suffers from. *Id.*  Plaintiff noted that defendant correctional officer Pesole was standing so that his body-worn camera was capturing the incident. *Id.*  Saavedra directed Pesole to change positions. *Id.* at 9-10.  Pesole took Hutchings's place, and Saavedra patted Hutchings on the back and told him, "Good job," which made plaintiff's blood boil. *Id.* at 10.  Saavedra ordered Pesole, Lopez-Flores, and defendant correctional officer Rios to confiscate the walker and place plaintiff back in his cell. *Id.*  Plaintiff resisted. *Id.*

Pesole grabbed plaintiff's thumb and bent it backwards. *Id.*  Pesole, Lopez-Flores, and Rios got plaintiff into his cell and knocked their body-worn cameras to the ground. *Id.*  They threw plaintiff to the ground, got on top of him, and punched him at least 2 times. *Id.*  Plaintiff was knocked unconscious. *Id.* at 11.  The right side of plaintiff's head, including his eye, temple, and jaw, became purple, blue, and swollen. *Id.*

Musat then submitted the sham 7219 report, preventing a doctor from following up with plaintiff. *Id.*  At some unspecified time, Sergeant Swift (not a defendant) arrived and, after plaintiff told him what had happened, ordered Musat to do a "righteous 7219." *Id.* at 11-12.  Nevertheless, defendant Lieutenant Albarca only acknowledged the pre-assault 7219 and wrote a report stating that plaintiff had no injuries. *Id.* at 12.  Plaintiff did not receive a CT scan of his head for three months, even though CSP-Sac had a CT machine on-site. *Id.* at 13.  The scan showed nothing wrong. *Id.*

<u>Analysis</u>.  Plaintiff claims that defendants Saavedra, Lopez-Flores, Rios, Hutchings, and Pesole inflicted excessive force on him, that defendants Saavedra, Musat, Hutchings, and Lopez-Flores deprived him of necessary medical care and/or medical devices, and that various defendants covered up for the misconduct of their fellow staff. *Id.* at 4-13.

To state a claim of excessive force in violation of the Eighth Amendment, a plaintiff must allege facts that show that a correctional officer used force against him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline.

4

1  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  To determine whether the evidence establishes

2  such a scenario, the factfinder may consider: (1) the need for force; (2) the relationship between

3  that need and the amount of force used; (3) the threat reasonably perceived by the officer; (4) the

4  extent of injury suffered by the plaintiff; and (5) any efforts made to temper the severity of the

5  forceful response.  *Id.* at 7.  Construed liberally, and for the purposes of § 1915A, plaintiff has

6  stated potentially cognizable excessive force claims against defendants Saavedra, Lopez-Flores,

7  Hutchings, Rios, and Pesole.

8        To state an Eighth Amendment claim predicated on indifference to medical needs, a

9  plaintiff must allege facts showing that: (1) he had a serious medical need and (2) the defendant's

10  response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

11  2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the

12  failure to treat the condition could result in further significant injury or the unnecessary and

13  wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  To act with deliberate indifference, a prison

14  official must both be aware of facts from which the inference could be drawn that a substantial

15  risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S.

16  825, 837 (1994).  Construed liberally, and for the purposes of §1915A screening only, plaintiff

17  has stated potentially cognizable deliberate indifference claims against defendants Saavedra,

18  Musat, Hutchings, and Lopez-Flores.

19        Allegations that state actors have acted to cover-up the constitutional wrongs of others are

20  cognizable only where the cover-up (1) caused the constitutional violation or (2) prevented the

21  plaintiff from obtaining redress for a constitutional violation.  *See Karim-Panahi v. L.A. Police

22  Dep't*, 839 F.2d 621, 625 (9th Cir. 1988); *Chance v. Phelan*, No. 2:22-cv-06175-FMO-SSC, 2024

23  U.S. Dist. LEXIS 245694, at *11-12 (C.D. Cal. Feb. 9, 2024); *Dell v. Espinoza*, No. 1:16-cv-

24  1769-MJS (PC), 2017 U.S. Dist. LEXIS 17310, at *15-16 (E.D. Cal. Feb. 7, 2017).  A cover-up

25  that happens subsequent to a constitutional violation cannot cause the constitutional violation and

26  thus does not state a cognizable claim unless it deprives the plaintiff of access to the courts.  *Dell*,

27  2017 U.S. Dist. LEXIS 17310, at *15-16.  Even then, the access to courts claim is premature

28  where, as here, the challenge the underlying violation remains pending.  *Id.*  Plaintiff has stated a

1   potentially cognizable claim against defendants Saavedra and Musat for preparing the sham

2   medical report prior to the incident of excessive force and thereby encouraging or precipitating

3   the assault, in violation of the Eighth Amendment.  He has not stated a cognizable cover-up claim

4   against any other defendant, as his other cover-up allegations concern conduct occurring after the

5   assault and his challenge to the incident (this case) remains pending.

6          Plaintiff has also named CSP-Sac and the California Department of Corrections and

7   Rehabilitation ("CDCR") as defendants.  These entities are agencies of the State of California

8   and, as such, enjoy immunity from suit under the 11th Amendment.  *Brown v. Cal. Dep't of*

9   *Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Accordingly, plaintiff's claims against CSP-Sac and

10  CDCR are not cognizable.

11         Plaintiff will be provided an opportunity to file an amended complaint to attempt to

12  correct these deficiencies.  Plaintiff is not obligated to amend the complaint; he may instead

13  choose to proceed only on the claims identified in this order as potentially cognizable.

14                                      <u>Leave to Amend</u>

15         If plaintiff chooses to file an amended complaint, he should note that any amended

16  complaint must identify as a defendant only persons who personally participated in a substantial

17  way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

18  Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

19  participates in another's act or omits to perform an act he is legally required to do that causes the

20  alleged deprivation).

21         Further, any amended complaint must be written or typed so that it so that it is complete in

22  itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an

23  amended complaint supersedes any earlier filed complaint, and once an amended complaint is

24  filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*

25  *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,

26  the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

27  Cir. 1967)).

28  ////

1    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3    *See* Local Rule 110.

4    <u>Requests for Preservation of Evidence</u>

5    Plaintiff asks the court to issue an order compelling the preservation of video footage of

6    the assault. ECF Nos. 7, 8. He states that he has not been allowed to view the video recording

7    and a Lieutenant Carabello told him that it no longer exists.

8    Once a complaint is filed, parties are obligated to preserve relevant evidence or evidence

9    that could reasonably lead to the discovery of admissible evidence, and courts are empowered to

10    sanction a party if it destroys such evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir.

11    2006); *Bright Solutions for Dyslexia, Inc. v. Doe*, No. 15-cv-01618-JSC, 2015 U.S. Dist. LEXIS

12    117252, at *5-6 (N.D. Cal. Sept. 1, 2015). In addition, federal courts have authority to issue

13    preservation orders as part of their general authority over case management. *Lopez v. Cate*, No.

14    1:10-cv-01773-AWI-SKO (PC), 2014 U.S. Dist. LEXIS 98950, at *4-5 (E.D. Cal. July 14, 2014).

15    However, courts must apply restraint when exercising such authority. *Bright Solutions*, 2015

16    U.S. Dist. LEXIS 117252, at *6. When determining the propriety of issuing a preservation order,

17    courts consider a number of factors, including:

18    1)    The court's level of concern that the evidence will be preserved absent an order

19         (sometimes articulated as whether there is a significant chance that the evidence will

20         be destroyed absent an order);

21    2)    Whether the party seeking preservation will suffer irreparable harm absent the order;

22    3)    The ability of the opposing party to preserve the evidence; and

23    4)    Whether a preservation order can be crafted that will be effective yet not overbroad.

24    *Bright Solutions*, 2015 U.S. Dist. LEXIS 117252, at *6-7; *Am. LegalNet, Inc. v. Davis*, 673 F.

25    Supp. 2d 1063, 1071-72 (C.D. Cal. 2009).

26    The parties to this suit have an obligation to maintain the video recording of the assault, as

27    it is clearly relevant to plaintiff's claims. To assess whether a preservation order is necessary in

28    this instance despite that obligation, the court would benefit from defendants' response to

1  plaintiff's motions.  Accordingly, the court will defer ruling on the motions until service of the
2  complaint has been accomplished, at which time the court will direct the served defendants to
3  respond to the motions.

4                                          Conclusion

5        Accordingly, IT IS ORDERED that:

6     1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

7     2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
8         accordance with the notice to the custodial agency filed concurrently herewith;

9     3.  Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, potentially
10        cognizable Eighth Amendment claims against defendants Saavedra, Lopez-Flores,
11        Hutchings, Rios, Pesole, and Musat.

12    4.  All other claims are dismissed with leave to amend within 30 days of service of this
13        order.  Plaintiff is not obligated to amend his complaint.

14    5.  Within thirty days plaintiff shall return the notice below advising the court whether he
15        elects to proceed with the cognizable claims or file an amended complaint.  If the
16        former option is selected and returned, the court will enter an order directing service at
17        that time.  In addition, the court will direct defendants to respond to the pending
18        motions for preservation of evidence.

19    6.  Failure to comply with any part of this this order may result in dismissal of this action.

20

21  Dated: July 17, 2025

22                                                      EDMUND F. BRENNAN
                                                        UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28

8

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN ROBERT GALLEGOS,              No. 2:24-cv-02777-DC-EFB (PC)

12                Plaintiff,

13        v.                                NOTICE OF ELECTION

14   SGT. SAAVEDRA, et al.,

15                Defendants.

16

17        In accordance with the court's Screening Order, plaintiff hereby elects to:

18

19        (1)  _____   proceed only with the Eighth Amendment claims against Saavedra, Lopez-

20   Flores, Hutchings, Rios, Pesole, and Musat.

21

22        OR

23

24        (2)  _____   delay serving any defendant and file an amended complaint.

25

26                                    _____

27                                              Plaintiff

28   Dated:

9